Hazel Luke, Plaintiff in Error, v. Robert Marion, Defendant in Error.

Gen. No. 8,726.

Opinion filed April 11, 1933.

Rehearing denied June 20, 1933.

HUTTON & CLARK, for plaintiff in error.

MANN & STIFLER and OLIVER D. MANN, for defendant in error.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

This was an action in case brought by plaintiff in error against defendant in error to recover for injuries received by plaintiff in error as a guest passenger because of the wanton and wilful conduct of defendant in error in driving an automobile, under the Act of 1931 amending section 42 of the Motor Vehicle Act, Cahill's St. ch. 95a, ¶ 43. Trial was had before a jury and a verdict returned of not guilty.

Many errors have been assigned and argued, most of which are principally directed to the improper conduct and remarks of counsel for defendant in error during the progress of the trial, some of which are well taken, but as this judgment must be reversed for error in the application of the law, it will be unnecessary to discuss the others as they will probably not appear again on another trial. The provision of the statute above mentioned is as follows:—"(b) *Provided, however,* that no person riding in a motor vehicle as a guest, without payment for such ride, nor his personal representative in the event of the death of such guest, shall have a cause of action for damages against the driver or operator of such motor vehicle or its owner or his employee or agent for injury, death or loss, in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such motor vehicle or its owner or his employee or agent and unless such wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

The first and ninth instructions given on behalf of defendant in error in substance state that the plaintiff in error could not recover unless her injuries were caused by the wilful and wanton conduct of defendant in the operation of his automobile. These instructions are not in accordance with the law as announced by the statute. The evidence shows that the injuries were received by means of a collision between the automobile in which plaintiff in error was riding, and which was being driven by defendant in error, with another automobile, and there was evidence tending to show that both drivers were guilty of wilful and wanton conduct at the time of the accident. These instructions as given limit too narrowly the liability of defendant in error. The wilful and wanton conduct of defendant in error might not have been the sole cause of the injury but if it contributed to the causation of the injuries, he would be liable therefor. Instruction No. 10 given on behalf of defendant in error correctly states the law but will not cure the error in the giving of the other two as the jury would not know which principle of law to apply to the facts in the case, which knowledge was absolutely necessary to enable them to arrive at a correct verdict.

For the errors indicated, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*